# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

SHEILA A. PINDER,                      :
                                       :
             Plaintiff,                :
                                       :
     v.                                :     Civ. No. 10-632-LPS
                                       :
MICHAEL J. ASTRUE,                     :
Commissioner of Social Security,       :
                                       :
             Defendant.                :

---

Sheila A. Pinder, Harrington, Delaware.

Pro Se Plaintiff.

Charles M. Oberly, III, Esquire, United States Attorney and Patricia Anne Stewart, Esquire, Special Assistant United States Attorney, of the Office of the United States Attorney, Wilmington, Delaware. Of Counsel: Eric P. Kressman, Esquire, Regional Chief Counsel, of the Social Security Administration, Philadelphia, Pennsylvania.

Attorneys for Defendant.

---

## MEMORANDUM OPINION

March 20, 2012
Wilmington, Delaware

**STARK, U.S. District Judge:**

## I.   INTRODUCTION

Plaintiff, Sheila A. Pinder ("Pinder" or "Plaintiff"), who appears *pro se*, appeals from a

decision of Defendant, Michael J. Astrue, the Commissioner of Social Security

("Commissioner" or "Defendant"), denying her application for a period of disability, disability

insurance benefits ("DIB"), and supplemental security income ("SSI") under Title II and Title

XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-433, 1381-1383f.

Presently before the Court is a motion to dismiss for want of jurisdiction filed by

Defendant. (D.I. 12) Plaintiff did not respond to the motion. Therefore, the Court will decide

the motion on the papers submitted. (*See* D.I. 13) For the reasons set forth below, the Court will

grant the Commissioner's motion.

## II.   BACKGROUND

Plaintiff filed applications for a period of disability, DIB, and SSI on October 28, 2004.

(D.I. 12 Paul Halse Decl. ("Halse Decl.") at ¶ (3)(a)) Plaintiff's applications were denied

initially on August 29, 2005, and upon reconsideration on April 24, 2006. (*Id.*) On June 29,

2006, Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"), and the

hearing was held on August 14, 2007. (*Id.*) On November 15, 2007, the ALJ issued a Notice of

Decision-Partially Favorable and a Decision finding Plaintiff disabled beginning on December 1,

2006 ("Notice"). (D.I. 12 Ex. 1)

The Notice was mailed to Plaintiff at her address in Bridgeville, Delaware. (*Id.*) On the

same date, the Notice was also mailed to Plaintiff's counsel, Karen Y. Vicks, at her address in

Dover, Delaware. (*Id.*) The ALJ's November 15, 2007 Notice informed Plaintiff of her right to

request review of the ALJ's November 15, 2007 Decision ("the Decision") within sixty days

1

from the date of its receipt. (*Id.*) The Notice instructed Plaintiff that were she unable to request

review of the Decision within sixty days of its receipt, she could request an extension of time to

file a request for review of the Decision. (*Id.*) In addition, the Notice explained the Appeals

Council's presumption that Plaintiff received a copy of the Notice within five days of its date.

(*Id.*)

According to Plaintiff, she filed her request for review at the Georgetown, Delaware

office on either January 15, 2008, or sometime after January 15, 2008 (no date provided), the

date she received the form. (D.I. 11 at 3; D.I. 12 Ex. 4)  She states that when she filed her "first

appeal" she filed form SSA-561-US, which is a request for reconsideration. (*Id.*)  When Plaintiff

submitted additional evidence on August 8, 2008, she used form HA-520-US, which is a request

for review of hearing decision/order. (D.I. 12 Ex. 2)  Plaintiff states that she was not provided

with a copy of the appeal form and there is nothing in the computer, leaving her with no

evidence of the filing. (D.I. 11 at 3-4)

The Appeals Council considered the request for review filed as of August 9, 2008, the

date of Plaintiff's form HA-520-US.  On September 9, 2008, the Appeals Council sent a letter to

Plaintiff requesting a statement showing reasons why she did not timely file her request for

review. (*Id.* at Ex. 3)  Plaintiff responded on September 27, 2008, stating that she had timely

filed her request for review when she filed the request for reconsideration on form SSA-561-US.

(*Id.* at Ex. 4)  On May 26, 2010, the Appeals Council dismissed Plaintiff's request for review as

untimely filed. (*Id.* at Ex. 5).  The Appeals Counsel explained that a search of Agency records

did not reveal a timely request for review filed by Plaintiff. (*Id.*)  It found no good cause to

extend the time for filing and dismissed Plaintiff's request for review. (*Id.*)  Plaintiff was

advised that the dismissal of a request for review is not subject to further review. (*Id.*)

2

On July 27, 2010, Plaintiff filed a Complaint seeking judicial review of the Decision. (D.I. 2) The Complaint states that Plaintiff has exhausted her administrative remedies. In response, the Commissioner moves for dismissal for want of jurisdiction for Plaintiff's failure to exhaust her administrative remedies. (D.I. 12) When Plaintiff did not timely file a response to the motion, the Court entered a briefing schedule giving Plaintiff up to and including June 20, 2011, to file a response. (D.I. 13) She failed to do so.

### III.   LEGAL STANDARDS

When a party files a motion to dismiss attacking subject matter jurisdiction, the Court must first determine if the motion is a factual attack or a facial attack. *See CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008). Defendant's motion is a factual attack inasmuch as it concerns "the actual failure of [plaintiff's] claims to comport [factually] with the jurisdictional prerequisites." *United States ex rel. Atkinson v. PA. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007). When a motion to dismiss for lack of subject matter jurisdiction attacks the existence of subject matter jurisdiction in fact, "no presumptive truthfulness attaches to plaintiff's allegations and the court may evaluate for itself the merits of jurisdictional claims." *Mortenson v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977); *see also* Fed. R. Civ. P. 12(b)(1). Plaintiff bears the burden of showing that jurisdiction exists. *See Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991).

Exclusive jurisdiction over Social Security benefits cases arises from 42 U.S.C. § 405(g). The same rule applies to SSI cases. *See* 42 U.S.C. § 1383(c)(3); *Callender v. Social Sec. Admin.*, 275 F. App'x 174, 175 (3d Cir. Apr. 23, 2008) (not published). Section 405(g) provides, in relevant part: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party[,] . . . may obtain a review of such decision by a

3

civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." Section 405(h) provides, in relevant part: "The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."

As a general rule, judicial review is barred absent a "final decision" by the Commissioner of Social Security. *Fitzgerald v. Apfel*, 148 F.3d 232, 234 (3d Cir. 1998). Under the regulations, a "final decision" is one rendered after a claimant has completed the four-step administrative review process, the last step being a review by the Appeals Council. *See* 20 C.F.R. § 404.900(a); *Callender*, 275 F. App'x at 175. Exhaustion of administrative remedies requires a claimant to: (1) present a claim and receive an initial determination and, if dissatisfied, (2) request reconsideration of the initial determination and, if dissatisfied, (3) request a hearing before an administrative law judge and, if dissatisfied with the decision of the administrative law judge, (4) request review by the Appeals Council. *See* 20 C.F.R. § 404.900(a). A claimant's failure to exhaust all administrative remedies before filing an appeal deprives the court of subject matter jurisdiction. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

An Appeals Council decision to refrain from considering an untimely request for review is not a "final decision." *Bacon v. Sullivan*, 969 F.2d 1517, 1519 (3d Cir. 1992). An exception to the "final decision" rule applies when a claimant presents a constitutional claim or a claim that is wholly collateral to the claim for benefits. *See Califano v. Sanders*, 430 U.S. 99, 108-09 (1977).

4

## IV.   DISCUSSION

Defendant moves for dismissal on the grounds that Plaintiff failed to exhaust her administrative remedies and, therefore, the Court does not have subject matter jurisdiction. Plaintiff did not file a response to the motion. However, her February 9, 2011 letter to the Court asks the Court "to get past this date issue" because she is satisfied that forms requesting a review from the Appeals Council have been misplaced in the past. (D.I. 11 at 4) Plaintiff asks the Court to look at the issues because she feels "positive" the Court will have a different view on the reasons for the partial denial of her claim. (*Id.*)

The ALJ Notice was sent to Plaintiff and her attorney on November 15, 2007. Including the five additional days for mailing, Plaintiff was then required to file her request for review of the November 15, 2007 Decision within sixty-five days, that is by January 19, 2008. Plaintiff's filing of her request for review on August 5, 2008 was far beyond this deadline. (*See* D.I. 12, Halse Decl. at ¶ (3)(b), Ex. 2)

Notwithstanding Plaintiff's assertion that she filed a timely request for review in January 2008, a search of the Social Security Administration's database failed to locate any record to support this contention, and the Appeals Council would not hear her request for review. When the Appeals Council declined to consider Plaintiff's untimely request for review because she failed to show the requisite good cause, the action became unreviewable. *See Bacon*, 969 F.2d at 1520.

Plaintiff's claim is not collateral to her claim for benefits. Rather, she seeks review of the Decision that partially denied her disability benefits. The Appeals Council's decision not to consider Plaintiff's untimely request for review is not a "final decision" subject to judicial review under § 405(g). *See Bacon*, 969 F.2d at 1519. Nor has Plaintiff properly exhausted her

5

administrative remedies, as is required for judicial review.  Hence, Plaintiff's Complaint is not properly before the Court.

Finally, it is Plaintiff's burden to establish subject matter jurisdiction, yet she did not oppose the motion to dismiss and has not presented any proof to support a finding of subject matter jurisdiction by this Court.  Therefore, the Court must dismiss this action for lack of subject matter jurisdiction.

## V.   CONCLUSION

For the reasons discussed above, the Court will grant Defendant's Motion to Dismiss. An appropriate Order will be entered.